# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.:

ABBY DAVIS

    Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC., a Texas Corporation

    Defendant

___

## COMPLAINT AND JURY DEMAND
___

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. The Court has supplemental jurisdiction to hear the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as said claims arise from the same transactions and occurrences.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

4. Venue is proper in this District.

5. The acts and transactions occurred in this District.

6. The Plaintiff resides in this District.

7. The Defendant transacts business in this Judicial District.

## PARTIES

8. Plaintiff Abby Davis is a natural person who resides in the City of Fort Collins, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Commercial Recovery Systems, Inc. (hereinafter "Defendant") is a Texas corporation operating from an address of 8035 E R L THORNTON FWY, STE 220, DALLAS, TX 75228 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is licensed with the Colorado Attorney General as a debt collector, license number 101546.

## FACTUAL ALLEGATIONS

### FDCPA

11. On September 20, 2011 the Defendant sent a letter to the Plaintiff alleging that Plaintiff owed $3,508.62 on a US Bank credit card account.

12. The Plaintiff is an 80 year old female who lives on social security.

13. The Plaintiff suffers from severe COPD, a respiratory disease and must be on oxygen continuously.

14. The Plaintiff does not have nor have any recollection of having a US Bank credit card.

15. Shortly after the Defendant sent the Plaintiff their demand letter, they initiated an aggressive telephone calling campaign directed to the home telephone number of the Plaintiff.

16. During the repeated and aggressive telephone calls agent/employees of the Defendant use abusive language, threaten the Plaintiff, intimidate the Plaintiff and demand that she make payments in order to stop the harassing telephone calls.

17. The Plaintiff has told the Defendant to stop calling her and that she does not owe any money and that she is indigent and has no financial ability to pay anything.

18. The Plaintiff has also told the Defendant that she is elderly, lives on a fixed income and is in poor health.

19. When the Plaintiff has told the Defendant of her circumstances, the Defendant has made fun of the Plaintiff and demanded that she pay something if she wants the telephone calls to stop.

20. The Plaintiff is afraid to answer her telephone now due to the abusive and harassing conduct of the Defendant.

21. The Defendant uses a telephone calling system that blocks its identification when placing a call so that the Plaintiff, not wanting to miss a telephone call from her doctor, answers only to find out that it is the Defendant.

22. The Plaintiff suffers from high blood pressure and as result of the conduct of the Defendant she now takes "losartan-cozaar", a prescription medication to regulate her blood pressure because of the stress that the debt collector has caused her.

23. The Plaintiff has no business relationship with the Defendant and has asked them several times to stop the harassment.

24. The Defendant has ignored the demand to stop contacting the Plaintiff.

25. The Defendant has left numerous voice messages for the Plaintiff.

26. The conduct of the Defendant has caused severe emotional distress with the Plaintiff as every time one of the aggressive, harassing and unwanted telephone calls is placed by the Defendant to the Plaintiff, she is becomes emotional and is afraid to answer her telephone.

## INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The conduct of the Defendant has caused emotional distress with the Plaintiff as every time one of the aggressive, harassing and unwanted telephone calls is placed by the Defendant to the Plaintiff, she is terrorized.

29. Defendant engaged in extreme, outrageous and unreasonable acts in seeking payment from plaintiff. These acts went beyond the bounds of decency expected in a civilized society.

30. Defendant intended to cause plaintiff to suffer emotional distress, and/or engaged in outrageous conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress.

31. As a direct and proximate result of defendant's outrageous conduct, plaintiff suffered severe mental distress, mental suffering, and/or mental anguish, including fright, nervousness, grief, anxiety, worry, humiliation, and indignity.

32. As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

33. Defendants acted with oppression, fraud or malice, thereby entitling plaintiff to punitive damages in an amount according to proof.

### *Respondeat Superior Liability*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

36. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

37. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

38. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

41. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.
### INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant intended to cause plaintiff to suffer emotional distress, and/or engaged in outrageous conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress.

44. As a direct and proximate result of defendant's outrageous conduct, plaintiff suffered severe mental distress, mental suffering, and/or mental anguish, including fright, nervousness, grief, anxiety, worry, humiliation, and indignity.

45. As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

46. Defendants acted with oppression, fraud or malice, thereby entitling plaintiff to punitive damages in an amount according to proof.

## **TRIAL BY JURY**

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:

s/Troy D. Krenning
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: troy@gkalaw.com

s/Jill Gookin
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com